Davidson *v.* Rozier.

was entitled, whether owned at the time of the marriage or subsequently acquired. In the present case, the attempt is to enlarge the operation of the principal clause establishing the community, by reference to another clause providing for a renunciation of the community. The latter clause cannot have this effect, nor, in fact, does it require us to give such force to its language, if it could legitimately so affect the first clause. The chief object of this latter clause is, to free the property of the wife, on a renunciation, from liability for the debts of the community, and give her a mortgage on her husband's property, so as to preserve to her the right of election at the dissolution of the community, either to abide by it and take her interests under it, or if that was not to her interest, then to take back her property without liability for debts, and so to stand preferred over all creditors, and also to have a mortgage for her security upon her husband's property.

Upon the whole, we think this property did not enter into the community, and therefore the plaintiffs are not entitled to recover. The judgment is, with the concurrence of the other judges, affirmed.

---

DAVIDSON, Appellant, *vs*, ROZIER, Respondent.

1. Judgment reversed because the record contained no finding of facts, the case being tried by the court without a jury.

*Appeal from St. François Circuit Court.*

*D. E. Perryman*, for appellant.
*M. Frissell*, for respondent, confessed error.

GAMBLE, Judge. Trial of issues before the court without a jury. No finding of facts by the court. Judgment reversed and cause remanded.