RAGAN *et al.*, Defendants in Error, v. McCoy, Plaintiff in Error.

1. In suits commenced under the practice act of 1849, where the cause is tried by the court without a jury, there should be a finding of the facts.
2. The finding of the facts is a part of the record, and need not be preserved in a bill of exceptions.

*Error to Clay Circuit Court.*

*Hovey*, for plaintiff in error.

I. The court ought to have made a written finding. (Bates v. Bower, 17 Mo. 550 ; 19 Mo. 122; 20 Mo. 262, 132, 133, 262.) No bill of exceptions could have been obtained. The finding of the facts is a necessary part of the record. (See Nearns v. Harbert, 25 Mo. 352.)

*Sheley*, for defendant in error.

I. The law does not require that the written finding of the court shall be spread upon the record. It could then only become a part of the record by bill of exceptions. There being no bill of exceptions for aught that appears to this court, a written finding may have been made by the circuit court. (Art. 15 of Practice Act, 1849 ; Lindon v. King, 22 Mo. 336.)

II. This court can not look into any case unless it is accompanied by a bill of exceptions. (State v. Weidner, 22 Mo. 327 ; Ames v. Bircher, ib. 586.)

RICHARDSON, Judge, delivered the opinion of the court.

This suit was begun under the act of 1849 and was tried by the court without a jury. The record does not contain the finding of the facts by the court, and for that reason, according to the settled practice of this court since the case of Bales and Bower, 17 Mo. 550, the judgment must be reversed and the cause remanded. (20 Mo. 132, 133.)

The finding is a part of the record proper, and it is not

necessary to preserve it in a bill of exceptions. This rule does not apply to actions begun under the act of 1855. The other judges concur.